Edward D. Boyack, Esq.
Nevada Bar No. 5229
Colli C. McKiever
Nevada Bar No. 13724
BOYACK ORME & ANTHONY
7432 W. Sahara Avenue, Suite 101
Las Vegas, Nevada 89117
Ted@boyacklaw.com
Colli@boyacklaw.com
702.562.3415
702.562.3570 (fax)
*Attorney for Defendant Rancho San Rafael Townhomes Phase I HOA*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RANCHO SAN RAFAEL TOWNHOMES, PHASE I HOMEOWNERS ASSOCIATION AND THUNDER PROPERTIES INC.<br><br>Defendants.<br><br>RANCHO SAN RAFAEL TOWNHOMES, PHASE I HOMEOWNERS ASSOCIATION AND THUNDER PROPERTIES INC.<br><br>Third-party Plaintiff<br><br>vs.<br><br>HAMPTON & HAMPTON COLLECTIONS, LLC.; DOES 1 - 10; ROE CORPORATIONS 11-20, inclusive, jointly and severally,<br><br>Third-party Defendant | Case No. 2:16-cv-1961-GMN-NJK<br><br>**RANCHO SAN RAFAEL TOWNHOMES PHASE I HOA'S MOTION FOR EXCEPTION TO PARTY ATTENDANCE REQUIREMENTS** |

NOW COMES the Defendant and Third Party Plaintiff, RANCHO SAN RAFAEL TOWNHOMES, PHASE I HOMEOWNERS ASSOCIATION, through its counsel, EDWARD D. BOYACK, ESQ. and COLLI C. MCKIEVER, ESQ. and of the law firm BOYACK ORME & ANTHONY, who hereby file this Motion for Exception to Party Attendance Requirement.

This Request is made pursuant to the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, all judicially noticed facts, and any such further oral argument as the Court may entertain.

Dated this 5th day of July, 2017.

BOYACK ORME & ANTHONY

By: */s/ Edward D. Boyack*
Edward D. Boyack, Esq.
Nevada Bar No. 5229
Colli C. McKiever, Esq.
Nevada Bar No. 13724
7432 W. Sahara Avenue, Suite 101
Las Vegas, NV 89117
*Attorney for Defendant Rancho San Rafael Townhomes Phase I HOA*

## MEMORANDUM OF POINTS AND AUTHORITIES

On June 26, 2017, the Court entered an Order referring the above-identified litigation to the Magistrate Judge for a settlement conference. See ECF No. 36. Pursuant to this Order the Court scheduled the settlement conference for September 14, 2017 at 9:30 a.m. See ECF No. 36. Included within the Order was a requirement that "[a]ll counsel of record who will be participating in the trial and who have full authority to settle this case, all parties appearing pro se, if any, and all individual parties must be present. In the case of non-individual parties, counsel of record shall arrange for an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand made to be present for the duration of the conference." *Id*. at 1:21-2:4 (emphasis in original). The Order also stated, "[a] request for an exception to the above attendance requirements must be filed and served on all parties within seven (7) days of the issuance of this order." *Id*. at 2:5-7.

"A settlement conference without all of the necessary parties present is not productive." *Painter. Joint Comm. v. J.L. Wallco*, 2013 U.S. Dist. LEXIS 105720; 2:10-cv-01385-JCM-PAL (D. Nev., July 26, 2013). However, "the district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants.'" *U.S. v. U.S. Dist. Ct.*, 694 F.3d 1051, 1058 (9th Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936)). District courts should take a "practical approach" in determining whether to require a party to send a representative with full settlement authority to a pretrial settlement conference and should consider less drastic steps before doing so. *In re Stone*, 986 F.2d 898, 904-05 (5th Cir. 1993). The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The representative from Rancho San Rafael Townhomes, Phase I Homeowners Association ("HOA") is a member of the HOA Board, which is an unpaid, voluntary position. Further, the HOA is a non-profit entity, funded by the assessments paid by the owners of the Association. The HOA Board member who is the representative with settlement authority is a resident of Reno, Nevada. Travel to attend the in-person Settlement Conference would create both a financial and personal hardship upon the Board Member. The HOA requests that the Board Member be allowed to participate in the Settlement Conference by video or telephonic means.

Accordingly, Rancho San Rafael Townhomes, Phase I Homeowners Association respectfully requests that the personal attendance of the HOA Board Member be excepted from the Settlement Conference and that video or telephonic participation by the HOA Board Member be allowed at the September 14th, 2017 Settlement Conference.

Dated this 5th day of July, 2017.

**GRANTED**. The HOA Board member shall participate by telephone for the duration of the settlement conference. IT IS SO ORDERED.
Dated: July 6, 2017

_____
United States Magistrate Judge

**BOYACK ORME & ANTHONY**

**By:** */s/ Edward D. Boyack*
Edward D. Boyack, Esq.
Nevada Bar No. 5229
Colli C. McKiever, Esq.
Nevada Bar No. 13724
7432 W. Sahara Avenue, Suite 101
Las Vegas, NV 89117
*Attorney for Defendant Rancho San Rafael HOA*